IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ALONZO HAMPTON, )<br>)<br>    Defendant. ) | Case No. 20-30010 |

## OPINION

RICHARD MILLS, United States District Judge:

Alonzo Hampton moves to suppress evidence.

United States Magistrate Judge Tom Schanzle-Haskins recommends that the motion be denied.

Hampton objects to the Report and Recommendation and requests an evidentiary hearing.

I.

A 4-count Indictment was returned charging Defendant Alonzo Hampton with narcotics and firearm offenses. The charges stem from three controlled buys of drugs from Hampton by a confidential source. The searches were authorized by two search warrants issued by Illinois Associate Judge Colleen Lawless for the Seventh

1

Judicial District, Sangamon County, Illinois.  The search warrant was supported by information contained in two Affidavits from Springfield, Illinois Police Officer Benjamin McGill.  Judge Schanzle-Haskins' Report and Recommendation describes in detail what Officer McGill states in the Affidavits.

In objecting to the Report and Recommendation, the Defendant contends that he should be allowed a hearing so that he can confront the investigator regarding the reliability of the confidential source.  The Defendant claims that the Affidavit omits that the confidential source traveled to another location with the Defendant on January 6, 2020, met with two females at the second location, and left the second location with one female to meet with the affiant.  It also omits that a female was present inside one of the residences at 1319 N. Peoria Rd., when the confidential source went inside that residence to meet with the Defendant.

The Defendant claims it is questionable whether the confidential source pocketed part of the drugs or cash.  The recording of one of the drug buys is absent, even though the recording was uploaded to an online server.  The Defendant alleges the combination of facts is at least reckless and renders the affidavit misleading.  Because this raises questions about the reliability of the confidential source, the Defendant contends he is entitled to a hearing where he can confront the investigator on such issues.  Hampton asks for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) (a *Franks* hearing) to determine whether McGill intentionally or

recklessly omitted material facts to obtain the search warrants, and further, to suppress the evidence found during the searches and any statements subsequently made by Hampton.

## II.

In order to obtain a *Franks* hearing, "the defendant must make a substantial preliminary showing of (1) a material falsity or omission that would alter the probable cause determination, and (2) a deliberate or reckless disregard for the truth." *United States v. Woodfork*, 999 F.3d 511, 516 (7th Cir. 2021) (internal quotation marks omitted). A showing of material omissions of fact from affidavits may be sufficient to entitle a defendant to a *Franks* hearing. *See United States v. Mullins*, 803 F.3d 858, 862 (7th Cir. 2015). "If sufficient allegations existed warranting the search irrespective of the affiant's alleged errors, a hearing is unnecessary and the motion should be denied." *Id*.

In the Report and Recommendation, the magistrate judge stated that the Court would not consider McGill's statements about the January 10, 2020 video recording that could not be found. As set out on pages 15 through 23 of the Report and Recommendation the Affidavits, even with certain omissions and excluding the information from the missing January 10, 2020 video, contain extensive information

that establishes probable cause to search the two residences. Accordingly, Judge Lawless had ample basis to find probable cause.

The Defendant, Hampton, has not presented evidence of a material misrepresentation or omission of fact that affected the finding of probable cause in support of the warrants. The totality of the information was more than sufficient to establish probable cause to search both locations. The Court concludes that Hampton is not entitled to a *Franks* hearing.

Ergo, the Court DENIES Defendant Alonzo Hampton's Objection [d/e 43] to the Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court ADOPTS and ACCEPTS the United States Magistrate Judge's Report and Recommendation [d/e 42].

Defendant Alonzo Hampton's Motion to Suppress Evidence [d/e 37] is DENIED.

ENTER: December 21, 2021

    FOR THE COURT:

                                         /s/ *Richard Mills*
                                         Richard Mills
                                         United States District Judge